## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIMBERLY ADAIR PATRICK,<br>        Appellant, | DOCKET NUMBER<br>NY-0752-19-0147-I-3 |
| v. | |
| FEDERAL DEPOSIT INSURANCE<br>    CORPORATION,<br>        Agency. | DATE: May 8, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kimberly Adair Patrick</u>, Parlin, New Jersey, pro se.

<u>Scott David Cooper</u>, Esquire, Fairfax, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for failure to state a claim upon which relief can be granted. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant challenged the agency's January 2009 decision to remove her from her CG-12 Bank Examiner position, and the administrative judge reversed the removal on due process grounds and determined that the appellant did not prove her whistleblower reprisal affirmative defense. *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-19-0147-I-3, Appeal File (I-3 AF), Tab 11, Initial Decision (ID) at 2; *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-12-0130-I-6, Initial Decision (Oct. 24, 2018). The administrative judge ordered the agency to cancel the removal and retroactively restore the appellant to her Bank Examiner position, effective January 16, 2009. ID at 2. The agency filed a petition for review of the initial decision. *Id.* In the interim, the agency appointed the appellant to the position of CG-12 Risk Examiner, effective October 24, 2018. *Id.*; *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-19-0147-I-1, Initial Appeal File (IAF), Tab 7 at 28. The administrative judge noted that the Risk Examiner position was a different job title than the one that the administrative judge ordered the appellant to be given in the interim relief order, but it still had the same occupational code and grade as the position that the appellant held prior to her removal. ID at 2; IAF, Tab 7 at 28.

On February 22, 2019, the agency proposed to remove the appellant from the Risk Examiner position. ID at 2; IAF, Tab 7 at 21-24. The agency sustained all of the charges and removed the appellant, effective April 12, 2019. ID at 2; IAF, Tab 7 at 14-17. The appellant filed an appeal of the second removal action, and she raised claims of whistleblower retaliation, due process violations, and that the second removal action was not in accordance with law. ID at 2; IAF, Tabs 1, 4. The appeal was dismissed twice without prejudice to allow the Board to rule on the petition for review filed in the first removal action. ID at 2; IAF, Tab 48; *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-19-0147-I-2, Appeal File (I-2 AF), Tabs 1, 17, 19.

On April 29, 2024, the Board issued a final decision in the first removal action, in which it granted the agency's petition for review, denied the appellant's cross petition for review, reversed the initial decision, and sustained the removal action.  ID at 3; *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-12-0130-I-6, Final Order (Apr. 29, 2024).  In pertinent part, the Board determined that the agency did not violate the appellant's due process rights, the agency proved the excessive absences charge, and the appellant did not prove her claims of whistleblower retaliation or retaliation for grievance activity. *Patrick v. Federal Deposit Insurance Corporation*, MSPB Docket No. NY-0752-12-0130-I-6, Final Order at 5-15 (Apr. 29, 2024).

The appeal challenging the second removal action was refiled.  ID at 3; I-3 AF, Tab 1.  The refiled appeal was transferred to a different administrative judge for adjudication.  ID at 3; I-3 AF, Tab 2 at 2.  The administrative judge issued an Order to Show Cause, noting that there was a question as to whether the Board can consider the appeal challenging the second removal action, and ordering the appellant to show cause why the appeal should not be dismissed for failure to state a claim upon which relief can be granted.[2]  ID at 3; I-3 AF, Tab 3.

The appellant responded to the order.  ID at 3; I-3 AF, Tabs 6-7, 9-10.  The administrative judge summarized the appellant's assertions as follows:  (1) her appeal should not be dismissed because the Board has jurisdiction to consider her whistleblower retaliation affirmative defense, even if she had no entitlement to the Risk Examiner position; (2) jurisdiction to consider the second removal action is determined at the time she filed her appeal, and once established cannot be impacted by later events; (3) she is entitled to the relief she sought because the second removal action was not in accordance with law; and (4) the agency committed several due process violations when it removed her the second time.  ID

---

[2] The administrative judge also noted that certain issues that the appellant raised were not properly before him, including compliance with the interim relief order in the first removal action appeal, issues related to a Federal district court protective order, and alleged Privacy Act violations.  I-3 AF, Tab 3 at 3.

at 3-4 (citing I-3 AF, Tab 7). The appellant submitted evidence that she appealed the Board's final decision in the first removal action to the U.S. Court of Appeals for the Federal Circuit, and she asked the administrative judge to dismiss the appeal without prejudice until the court rendered its decision. ID at 4 (citing I-3 AF, Tab 10).

The administrative judge issued an initial decision, which dismissed the appeal of the second removal action for failure to state a claim upon which relief can be granted. ID at 4-7. In pertinent part, the administrative judge determined that the Board's final decision in the first removal action was an intervening event that rendered moot the second removal action. ID at 6. The administrative judge reasoned that, if the appellant was not entitled to be returned to her former position, the agency's decision to remove her a second time could not be challenged because she never should have been placed in that position. *Id.* The administrative judge noted that he could not order the agency to return the appellant to a position to which she never should have held, nor could he award back pay and benefits, which the appellant claimed to have experienced as a result of the second removal action. ID at 6-7. The administrative judge also denied the appellant's request to dismiss the appeal without prejudice for a third time to allow her an opportunity to exhaust her appeals in the first removal action. ID at 7-9. Finally, the administrative judge found that the appellant's whistleblower retaliation affirmative defense did not provide an independent source of jurisdiction. ID at 9.

The appellant has filed a petition for review. Petition For Review (PFR) File, Tab 1. The agency has not filed a response. On review, the appellant asserts that she was entitled to whistleblower protection in the second removal action appeal because she disclosed, among other things, violations of the interim relief order, the protective order, and the Privacy Act. *Id.* at 17-18. She also contends that the agency violated her due process rights and the agency's action was not in accordance with law. *Id.* at 13, 18-19, 22-23.

## DISCUSSION OF ARGUMENTS ON REVIEW

In the initial decision, the administrative judge dismissed the appeal for failure to state a claim upon which relief can be granted, and he also appeared to dismiss the appeal as moot. ID at 4-7. We disagree with the administrative judge's decision to dismiss the appeal based on failure to state a claim upon which relief can be granted because he considered the agency's pleading and evidence contained therein. ID at 2 (citing IAF, Tab 7); *see, e.g.*, *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 7 (2011) (finding that dismissal of an appeal for failure to state a claim upon which relief can be granted must be based on the appellant's allegations, to the exclusion of any record evidence); *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 8 (2008) (explaining that disposing of a claim in favor of a defending party without an evidentiary hearing and based on matters beyond the claimant's allegations is summary judgment, not dismissal for failure to state a claim upon which relief can be granted). We therefore reverse the initial decision in this regard.

We now turn to the administrative judge's alternative finding that the appeal was moot. Mootness can arise at any stage of litigation. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). Even though an action may be within the Board's jurisdiction,[3] subsequent events may render an appeal moot and foreclose the Board's review. *Price*, 118 M.S.P.R. 222, ¶ 8. For example, an agency's complete rescission of the action appealed, and an appellant's restoration to the status quo ante,[4] may render an appeal moot. *Hess*,

---

[3] The Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007). At the time the appellant filed a Board appeal challenging the second removal action, the Board had jurisdiction over the appeal.

[4] When an agency rescinds an action, status quo ante relief usually requires placing the appellant back in her former position or in one substantially equivalent in scope and

124 M.S.P.R. 40, ¶ 8. In that situation, for an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than she would have been in if the matter had been adjudicated and she had prevailed. *Price*, 118 M.S.P.R. 222, ¶ 8. If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Id.*; *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007).

Although this case does not involve an agency rescission of an action, the Board's rationale is equally appropriate under the circumstances of this matter. Therefore, to evaluate whether the appeal is moot, we must determine whether there is any relief that we could provide to the appellant if she prevailed in the second removal action following the Board's final decision in the first removal action. We find that, based on the Board's prior decision, the appellant would not be entitled to such relief as reinstatement, back pay, and benefits even if she prevailed under 5 U.S.C. chapter 75.

However, there are no agency pleadings in the I-3 appeal following the Board's final decision in the first removal action. Therefore, we cannot determine whether the agency rescinded all references to the second removal action from the appellant's electronic Official Personnel File (e-OPF). Without such rescission, the appellant would be in a worse position than if the second removal action appeal had been adjudicated and she had prevailed. Therefore, the proper remedy is for the Board to retain jurisdiction and adjudicate the second removal action appeal on the merits under 5 U.S.C. chapter 75. *Price*, 118 M.S.P.R. 222, ¶ 8; *Fernandez*, 105 M.S.P.R. 443, ¶ 5.

---

status to her former position, removing all references to the rescinded action, and restoring any lost back pay or benefits. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016).

The agency bears the burden of proving mootness. *Price*, 118 M.S.P.R. 222, ¶ 10. If the agency proves on remand that it rescinded all references to the second removal action in the appellant's e-OPF, including rescinding the proposal notice, decision letter, and processing any pertinent Standard Form 50s, such the appellant would be entitled to no additional relief if she prevailed on this action, the administrative judge may deem the second removal action moot for the purposes of reviewing that action under 5 U.S.C. chapter 75. *See, e.g.*, *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 5-7 (2016) (finding that the agency rescinded the removal and restored Ms. Hess to the status quo ante, and the appealable action was moot for purposes of reviewing that action under chapter 75).

We now turn to the appellant's remaining claims, including whistleblower reprisal, due process violations, and her contention that the second removal action was not in accordance with law. IAF, Tab 1; PFR File, Tab 1. The Board has held that, even when an agency rescinds an action, a whistleblower reprisal claim is generally not rendered moot because the appellant is entitled to seek compensatory and/or consequential damages. 5 U.S.C. § 1221(g)(1)(A)(ii); *Hess*, 124 M.S.P.R. 40, ¶ 8; *Hess*, 123 M.S.P.R. 183, ¶ 8; *Vick v. Department of Transportation*, 118 M.S.P.R. 68, ¶ 5 (2012). Therefore, even if the administrative judge finds on remand that the second removal is moot, he must analyze the appellant's whistleblower reprisal claim.

However, compensatory or consequential damages are not authorized for the appellant's claims that the agency violated her due process rights or that the second removal action was not in accordance with law. *See* 5 C.F.R. §§ 1201.201(c)-(d), .202(b)-(c) (listing the situations in which the Board may award compensatory and/or consequential damages). Therefore, we could order no additional relief even if the appellant prevailed on these claims, and these claims are therefore moot. *Hess*, 123 M.S.P.R. 183, ¶ 8. The administrative judge may incorporate these findings in his initial decision on remand.

Because we are remanding the appeal for further adjudication, we need not resolve whether the administrative judge erred by denying the appellant's request to dismiss the appeal without prejudice. PFR File, Tab 1 at 24-29.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall adjudicate the merits of the second removal action under 5 U.S.C. chapter 75, unless the agency proves that it rescinded the removal action (to include rescinding the proposal notice and decision letter and processing any appropriate paperwork to return the appellant to the status quo ante). The administrative judge shall also provide the appellant with notice of her burden of proof on her whistleblower reprisal claim and allow the parties to present evidence and argument on this claim, including the appellant's requested hearing. The administrative judge shall issue a new initial decision, which incorporates our findings on mootness and includes his analysis of the removal action, as appropriate, and the appellant's whistleblower reprisal claim.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.